# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## No. 18-3553 (Lead) and No. 19-0748 (Consolidated)

UMESH HEENDENIYA,

Plaintiff-Appellant,

v.

ST. JOSEPH'S HOSPITAL HEALTH CENTER; ROGER GARY LEVINE,
MD; LISA MARIE O'CONNOR, MD; GEORGE O. TREMITI, MD;
HORATIUS ROMAN, MD; JOANNE MARY FRENCH, RN; WENDY
BRISCOE, RN; SUSAN LYNN CATE, LMFT; ROSALINE SPINELLA, RN;
ROBERT MICHAEL CONSTANTINE, MD; MITCHELL BRUCE
FELDMAN, MD; CYNTHIA A. RYBAK, NP; KATHRYN HOWE
RUSCITTO, PRESIDENT AND CEO; LOWELL A. SEIFTER, JD, SENIOR
VP AND GENERAL COUNSEL; MEREDITH PRICE, VP OF FINANCIAL
SERVICES AND CFO; DEBORAH WELCH, VP; GAEL GILBERT, RN,
MBA, DIRECTOR; JOHN AND JANE DOES, ST. JOSEPH'S HOSPITAL
HEALTH CENTER, INCLUSIVE,

Defendants-Appellees,

NEW YORK STATE OFFICE OF MENTAL HEALTH, OMH; ANN
MARIE T. SULLIVAN, M.D., COMMISSIONER OF OMH; JOSHUA
BENJAMIN PEPPER, ESQ., DEPUTY COMMISSIONER AND COUNSEL;
NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES,
DCJS; MICHAEL C. GREEN, EXECUTIVE DEPUTY COMMISSIONER
OF DCJS; UNITED STATES DEPARTMENT OF JUSTICE; BARBARA D.
UNDERWOOD, ESQ., NEW YORK STATES ATTORNEY GENERAL;
MATTHEW G. WHITAKER, ACTING ATTORNEY GENERAL OF THE
UNITED STATES; FEDERAL BUREAU OF INVESTIGATION, FBI;

CHRISTOPHER A. WRAY, DIRECTOR OF THE FBI; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ATF; THOMAS E. BRANDON, ACTING DIRECTOR OF THE ATF; NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM, NICS; UNITED STATES OF AMERICA; REGINA LOMBARDO, SPECIAL AGENT IN CHARGE (SAC) OF ATF'S TAMPA, FL OFFICE; PAUL WYSOPAL, SPECIAL AGENT IN CHARGE (SAC) OF FBI'S TAMPA, FL OFFICE; FEDERAL DOES 1-5, INCLUSIVE,

Defendants.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF NEW YORK

## PLAINTIFF-APPELLANT'S REPLY BRIEF IN RESPONSE TO DEFENDANTS-APPELLEES' BRIEF
(Disability Accommodation From The Court Requested)

Umesh Heendeniya
*Pro Se*, Mentally and Physically Disabled Plaintiff-Appellant
P. O. Box 5104
Spring Hill
FL – 34611
(508)-630-6757
heendeniyavsjosephshospitalny@gmail.com

Dated: Thursday, April 30, 2020.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES............................................. ii - vii

ARGUMENT................................................................. 1

CONCLUSION.............................................................. 15

CERTIFICATE OF COMPLIANCE PURSUANT TO
FED. R. APP. P. 32(g)

# TABLE OF AUTHORITIES

**CASES**      **Page**

*Abortion Rights Mobilization, Inc.* v. *Regan*,
552 F.Supp. 364 (S.D.N.Y. 1982)…………………………… 8

*Alexander* v. *Choate*,
469 U.S. 287 (1985)………………………………………… 1, 9

*Bill Johnson's Restaurants, Inc.* v. *NLRB*,
461 U. S. 731, 741 (1983)………………………………… 11

*Blake* v. *McClung*,
172 U. S. 239, 249 (1898)………………………………….. 11

*Boddie* v. *Connecticut*,
401 U. S. 371 (1971)……………………………………….. 11, 13, 14

*City of Boerne* v. *Flores*,
521 U.S. 507 (1997)………………………………………… 13, 15

*Bogle-Assegai* v. *Connecticut*,
470 F.3d 498 (2d Cir. 2006)……………………………… 3

*Borkowski* v. *Valley Cent. Sch. Dist.*,
63 F.3d 131 (2d Cir. 1995)……………………………….. 9, 10

*Bounds* v. *Smith*,
430 US 817 (1977)………………………………………….. 11

*California Motor Transport Co.* v. *Trucking Unlimited*,
404 US 508 (1972)………………………………………….. 1, 9, 11

*Chambers* v. *Baltimore & Ohio R. Co.*,
207 U. S. 142 (1907)……………………………………….. 11

*Christopher* v. *Harbury*,
536 US 403 (2002)………………………………………….. 11

*Cleburne* v. *Cleburne Living Center, Inc.*,
473 U. S. 432 (1985)……………………………………….. 14

*Dunn* v. *Blumstein*,
405 U. S. 330 (1972)……………………………………….. 12

*Faretta* v. *California*,
422 U. S. 806 (1975)……………………………………….. 13

*Florida Prepaid Postsecondary Education Expense Board*
v. *College Savings Bank*, 527 U.S. 627 (1999)………………. 13

*Frank* v. *US*,
78 F. 3d 815 (2nd Circuit 1996)………………………… 3, 4, 5

*Greene* v. *United States*,
13 F.3d 577 (2d Cir. 1994)……………………………….. 3

*Gross* v. *Rell*,
585 F.3d 72 (2d Cir. 2009)……………………………….. 5

# TABLE OF AUTHORITIES (cont'd)

**CASES (cont'd)**                                              **Page**

*Hamilton* v. *Atlas Turner, Inc.*,
197 F.3d 58 (2d Cir. 1999)……………………………………                   6

*Hapag-Lloyd Aktiengesellschaft* v. *US Oil Trading LLC*,
814 F. 3d 146 (2nd Cir. 2016)………………………………..                  6

*In re Nortel Networks Corp. Sec. Litig.*,
539 F.3d 129 (2d Cir. 2008)……………………………….…                   3

*Jackson* v. *Indiana*,
406 U. S. 715 (1972)……………………………………….                       14

*Kennedy* v. *Dresser Rand Co.*,
193 F.3d 120 (2d Cir. 1999)………………………………..                  1, 9, 10

*Kimel* v. *Florida Board of Regents*,
528 U.S. 62 (2000)…………………………………………                         13, 15

*Klinghoffer* v. *S.N.C. Achille Lauro Ed Altri-Gestione
Motonave Achille Lauro In Amministrazione
Straordinaria*, 921 F.2d 21, 23 (2d Cir. 1990)………………           8

*Knipe* v. *Skinner*,
999 F.2d 708 (2d Cir. 1993)………………………………..                   2

*Lambert* v. *Genesee Hosp.*,
10 F.3d 46 (2d Cir. 1993)…………………………………..                    4

*M. L. B.* v. *S. L. J.*,
519 U. S. 102 (1996)……………………………………….                       13

*Magi XXI, Inc.* v. *Stato della Città del Vaticano*,
714 F.3d 714 (2d Cir. 2013)………………………………..                   6

*McBride* v. *BIC Consumer Prod. Mfg. Co.*,
583 F.3d 92 (2d Cir. 2009)…………………………………                     5

*Mhany Management, Inc.* v. *County of Nassau*,
819 F. 3d 581 (2nd Cir. November 29, 2016)…………………              3

*Murray* v. *Giarratano*,
492 U. S. 1 (1989)…………………………………………                          11

*Norton* v. *Sam's Club*,
145 F.3d 114 (2d Cir. 1998)………………………………..                   5

*Oconomowoc Residential Programs* v. *City of Milwaukee*,
300 F.3d 775 (7th Cir. 2002)………………………………..                  1, 9, 10

*Pennsylvania* v. *Finley*,
481 U. S. 551 (1987)……………………………………….                       11

*Press-Enterprise Co.* v. *Superior Court of Cal., County of
Riverside*, 478 U. S. 1 (1986)……………………………….                   13

*Sadowski* v. *Technical Career Insts., Inc.*,
1995 WL 117595, 1995 U.S.Dist LEXIS 3184………………             8

# TABLE OF AUTHORITIES (cont'd)

**CASES (cont'd)**                                 **Page**

*Salveson* v. *JP Morgan Chase & Co.*,
663 F. App'x 71 (2nd Cir. 2016)……………………………….. 6

*Sanders* v. *State of New York Department of Corrections and Community Supervision* (2nd Cir. 2020)……………….. 8

*Shapiro* v. *Thompson*,
394 U. S. 618 (1969)………………………………………….. 12

*Skinner* v. *Oklahoma ex rel. Williamson*,
316 U. S. 535 (1942)………………………………………….. 12

*Slaughter-House Cases*,
83 U.S. (16 Wall.) 36 (1873)…………………………………. 11

*South Carolina* v. *Katzenbach*,
383 U. S. 301 (1966)………………………………………….. 13

*Taylor* v. *Louisiana*,
419 U. S. 522 (1975)………………………………………….. 13

*Tennessee* v. *Lane*,                            1, 9,
541 U.S. 509 (2004)…………………………………………… 14, 15

*United States* v. *Anderson*,
584 F.2d 849 (6th Cir. 1978)…………………………………. 5

*United States* v. *Babwah*,
972 F.2d 30 (2d Cir. 1992)……………………………………. 5

*United States* v. *Loya*,
807 F.2d 1483 (9th Cir. 1987)……………………………….. 5

*US Airways, Inc.* v. *Barnett*,
535 U.S. 391, 122 S. Ct. 1516, 1523, (2002)…………………. 10

*Vande Zande* v. *Wisconsin Dep't of Admin.*,
44 F.3d 538 (7th Cir. 1995)………………………………….. 10

*Walters* v. *National Assn. of Radiation Survivors*,
473 U. S. 305 (1985)………………………………………….. 11

*Weiler* v. *Household Fin. Corp.*,
101 F.3d 519 (7th Cir. 1996)…………………………………. 10

*Wernick* v. *Federal Reserve Bank*,
91 F.3d 379 (2d Cir. 1996)……………………………………. 9, 10

*Westwood Pharmaceuticals, Inc.* v. *National Fuel Gas Dist. Corp.*, 964 F.2d 85 (2d Cir. 1992)……………………… 8

*Wolff* v. *McDonnell*,
418 U. S. 539 (1974)………………………………………….. 11

*Wood* v. *Milyard*,
132 S.Ct. 1826, 182 L.Ed.2d 733 (2012)……………………… 6

*Youngberg* v. *Romeo*,
457 U.S. 307 (1982)…………………………………………… 14

# TABLE OF AUTHORITIES (cont'd)

**UNITED STATES CONSTITUTION**                        **Page**

Article IV, Section 2, Clause 1 of The U.S. Constitution
(Privileges and Immunities Clause)……………………….    11

Fifth Amendment to the U.S. Constitution………………    1, 4,
                                                     9, 11

First Amendment to the U.S. Constitution………………    1, 9,
                                                     11, 13

Fourteenth Amendment to the U.S. Constitution…………    1, 9,
                                                     11, 13

Sixth Amendment to the U.S. Constitution…………………    13

# TABLE OF AUTHORITIES (cont'd)

**FEDERAL STATUTES**                         **Page**

28 USC § 1292.............................................................. 7

28 USC § 1292(b)........................................................ 8

Section 504 of the Rehabilitation Act of 1973.................... 1, 8, 9
Title I of the Americans with Disabilities Act of 1990
(ADA)......................................................................... 12
Title II of the Americans with Disabilities Act of 1990   1, 8, 12,
(ADA)......................................................................... 13, 14

# TABLE OF AUTHORITIES (cont'd)

**FEDERAL RULES AND REGULATIONS**                                    **Page**

Fed. R. App. P. 2..............................................................    4

Fed. R. App. P. 28(a).......................................................    5

Fed. R. App. P. 28(a)(6)..................................................    4

Fed. R. App. P. 28(h).......................................................    4

# ARGUMENT

In Plaintiff-Appellant's (henceforth, "Heendeniya") principal brief,

page 2, he wrote the statement of issues that are to be reviewed before

this Court. For ease of reference, they are given below:

I.   Heendeniya is both a non-attorney *pro se* litigant **and/plus** he is a
mentally disabled litigant. Thus, he should be given significant
extra-time leeway <u>combined with</u> special solicitude that well
exceeds time enlargements given to a "solely *pro se*" litigant.

II.   The District Court for The Northern District of New York did
provide Heendeniya time leeway and special solicitude that was
congruent for a litigant who is a *pro se* non-attorney. However,
with great respect to the District Court, Heendeniya was not
provided the significant extra time leeway <u>combined with</u> special
solicitude that should have been afforded to a *pro se* non-attorney
who is also mentally disabled, and who requested on several
occasions, reasonable disability accommodations from the District
Court pursuant to Title II of the ADA, Section 504 of the
Rehabilitation Act of 1973, The Fifth and Fourteenth
Amendments to the U.S. Constitution (the Equal Protection clause
and/or the Due process clause), The Petition Clause of the First
Amendment, *Tennessee* v. *Lane*, 541 U.S. 509 (2004), *California
Motor Transport Co.* v. *Trucking Unlimited*, 404 US 508, 510
(1972), *Alexander* v. *Choate*, 469 U.S. 287, 301 (1985), *Kennedy* v.
*Dresser Rand Co.*, 193 F.3d 120, 122 (2d Cir. 1999), *Oconomowoc
Residential Programs* v. *City of Milwaukee*, 300 F.3d 775, 784 (7th
Cir. 2002), and the prior listed cases' progeny.

However, the 6 attorneys from the 3 law firms representing the

22 Defendants-Appellees responded to Heendeniya's brief, by instead

bringing forth several "Counterstatement of Issues."

One of the issues brought forth in the 3 briefs submitted by the 22 Defendants-Appellees (henceforth, "Appellees") is that "the Court should ignore any new arguments advanced by Appellant for the first time in his Reply Brief." In one of the 3 briefs, the Appellees voice concern and state that "Arguments may not be made for the first time in a reply brief."' *Knipe* v. *Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). Heendeniya surmises that the reason the Appellees included this issue was in response to his declaration that was docketed on Nov. 12, 2019 with this Court, *to wit.*, "Plaintiff-Appellant's Declaration Providing Fair Notice Under Fundamental Fairness Doctrine of Procedural Due Process." Dkt. No. 114.

In this declaration-- that was filed more than 3 months before the Appellees filed their 3 principal briefs-- Heendeniya informed the Court and the Appellees that he would use 2 additional standards of review, *viz.*, 'De Novo' review and 'Plain Error' review in his reply brief.

The Appellees' prior concern is misplaced for several reasons, and are addressed below.

First, the Appellees' concern is misplaced because by using additional standards of review in his reply brief, Heendeniya is not setting forth new arguments.

Second, Appellees' concern is misplaced because even though Heendeniya did not list de novo review and plain error review in the 'Standard of Review' section, he directly and prominently referenced 'plain error' review in the 'Argument' section of <u>his principal brief</u>. *See*, page 22-- *Frank* v. *US*, 78 F. 3d 815 (2nd Circuit 1996).

Third, the Appellees' concern is misplaced because this Court, in its wisdom, has stated that:

> "it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene* v. *United States*, 13 F.3d 577, 586 (2d Cir. 1994). Although we can exercise our discretion to entertain new arguments "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding," *Bogle-Assegai* v. *Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks omitted), "the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below," *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks and alterations omitted).

*Mhany Management, Inc.* v. *County of Nassau*, 819 F. 3d 581, 615 (2nd Cir. November 29, 2016).

In *Frank* v. *US*, 78 F. 3d 815 (2nd Cir. 1996), this Court addressed

the issue of appellants not raising an issue in the principal brief, and

instead raising it for the first time in the reply brief:

> Rule 28(a) of the Federal Rules of Appellate Procedure
> requires that appellants' briefs include seven specific items:
> (1) tables of contents and authorities, (2) statement of
> jurisdiction, (3) statement of issues, (4) statement of the
> case, (5) summary of argument, (6) argument, and (7)
> conclusion. The argument section must include "the
> contentions of the appellant on the issues presented, and the
> reasons therefor, with citations to the authorities, statutes,
> and parts of the record relied on." See Fed.R.App.P. 28(a)(6).
> In a case in which a cross-appeal is filed, the appellee's brief
> must conform to the rules governing appellants' briefs except
> that a statement of the case is not mandatory. See Fed.
> R.App.P. 28(h). With respect to his Fifth Amendment claim,
> plaintiff — an appellee and cross-appellant — did not comply
> with Rule 28. Although he mentioned the Fifth Amendment
> claim in the "issues" section and attempted to present it to
> us by referring to his arguments to the district court, he
> failed to present an argument or a "conclusion stating the
> precise relief sought" with respect to it. Fed.R.App.P.
> 28(a)(6).
> ...
> We recognize that a litigant's failure to comply with
> Rule 28 does not automatically preclude us from considering
> an issue. Just as it is within our discretion to decide certain
> legal questions sua sponte, e.g., *Lambert* v. *Genesee Hosp.*,
> 10 F.3d 46, 56 (2d Cir. 1993) (failure to state a claim), cert.
> denied, ___ U.S. ___, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994),
> we may overlook a litigant's failure properly to present an
> issue on appeal in unusual circumstances, one being where
> manifest injustice would otherwise result. Fed.R.App.P. 2
> ("In the interest of expediting decision, or for other good
> cause shown, a court of appeals may ... suspend the

requirements or provisions of any of these rules in a particular case"); see, e.g., *United States* v. *Babwah*, 972 F.2d 30, 35 (2d Cir. 1992); *United States* v. *Loya*, 807 F.2d 1483, 1487 (9th Cir. 1987); *United States* v. *Anderson*, 584 F.2d 849, 853 (6th Cir. 1978).

*Frank* v. *US*, 78 F. 3d 815, 832-833 (2nd Cir. 1996).

In addition, the following 2 cases by this Court are also significant

on this point:

In their main brief on appeal, plaintiffs do not advance any substantive argument regarding (1) the district court's determination, on reconsideration, that it had original jurisdiction over plaintiffs' Cartwright Act claim, or (2) the merits of the district court's dismissal of their Cartwright Act claim. We generally do not consider issues raised for the first time in a reply brief. *McBride* v. *BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009); see *Norton* v. *Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Plaintiffs do not challenge the district court's determination that it had original jurisdiction over plaintiffs' Cartwright Act claim. Although plaintiffs list their Cartwright claim in their Statement of Issues Presented for Review, they provide no substantive argument in their main brief and fail to even articulate the standards that must be met for such claims to survive a motion to dismiss. "[S]imply stating an issue does not constitute compliance with [Federal Rule of Appellate Procedure] 28(a): an appellant or cross-appellant must state the issue and advance an argument." *Gross* v. *Rell*, 585 F.3d 72, 95 (2d Cir. 2009) (quoting *Frank* v. *United States*, 78 F.3d 815, 833 (2d Cir. 1996)). Moreover, plaintiffs have not offered an explanation as to why they waited until their reply brief to advance an argument regarding the Cartwright Act claim.

*Salveson* v. *JP Morgan Chase & Co.*, (2nd Cir. October 17, 2016).

[23] USOT argues that, even if its arguments were forfeited, we should consider them to avoid "manifest injustice." *Magi XXI, Inc.* v. *Stato della Città del Vaticano*, 714 F.3d 714, 724 (2d Cir. 2013) (internal quotation marks omitted). As we stated above, USOT had the opportunity to submit briefing on these issues to the District Court and chose not to do so. Such a decision bespeaks more waiver than forfeiture, see *Hamilton* v. *Atlas Turner, Inc.*, 197 F.3d 58, 61-62 (2d Cir. 1999), which eliminates our discretion to reach the issue, see *Wood* v. *Milyard*, ___ U.S. ___, 132 S.Ct. 1826, 1832, 182 L.Ed.2d 733 (2012). Even assuming we possessed the discretion, we generally exercise it when presented with "a question of law" for which "there is no need for additional factfinding." *Magi XXI*, 714 F.3d at 724 (internal quotation marks omitted). Given the lack of development of the factual record below, we are not persuaded this case would present an appropriate vehicle to exercise our discretion in any event.

*Hapag-Lloyd Aktiengesellschaft* v. *US Oil Trading LLC*, 814 F. 3d 146, 156 (2nd Cir. 2016).

The key factor is that the 2 issues that are stated on page 2 of Heendeniya's principal brief (and, page 1 of this reply brief) were brought forth before the District Court on several locations, and as stated on pages 24-25 of Heendeniya's principal brief, the District Court ruled against his reasonable disability accommodation requests. *See*, in

Heendeniya's Appendix Volume No. 1: (A13)[1] (Dkt. No. 84), (A17) (Dkt. No. 117), and (A26) (Dkt. No. 172). *See also*, Table of Contents (ToC) of Heendeniya's Appendix Volume No. 2.

And, the fact is, the Appellees objected to (opposed) Heendeniya's repeated time extensions that were requested, *per* his reasonable disability accommodation requests made to the District Court. *See*, attorney Kevin Edward Hulslander's opposition on pp. (A652 - A655) of Heendeniya's Appendix, Volume No. 2, attorney Robert John Smith's opposition on pp. (A723 - A724) of Heendeniya's Appendix, Volume No. 3, and attorney Jennifer Lynn Wang's opposition on p. (A810) of Heendeniya's Appendix, Volume No. 3. On each occasion, the Appellees used Letter Motions to oppose Heendeniya's reasonable disability accommodation requests that had been made to the Court.

And at the time, Heendeniya couldn't file an interlocutory appeal *per* 28 USC § 1292, in spite of the District Court's adverse rulings-- in regards to Heendeniya's reasonable disability accommodation requests due to controlling legal authorities. The following case from this Court addresses this interlocutory appeal issue:

---

[1] References to pages in the 5-volume Record Appendix will be denoted as "(A<page #>)". Ex.: (A700) or (A318 - A340).

In order for Freddie Mac or the City to bring an issue to the Court of Appeals at this time, this Court must certify, pursuant to 28 U.S.C. s 1292(b), that rulings within the May 8 Opinion: (1) involve a controlling question of law (2) as to which there are substantial grounds for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. s 1292(b); see also *Klinghoffer* v. *S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 23 (2d Cir. 1990).

The Second Circuit has repeatedly "urged the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharmaceuticals, Inc.* v. *National Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). Certification is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation. It is not intended as a vehicle to provide early review of difficult rulings in hard cases. *Sadowski* v. *Technical Career Insts., Inc.*, 1995 WL 117595, 1995 U.S.Dist LEXIS 3184, *7; *Abortion Rights Mobilization, Inc.* v. *Regan*, 552 F.Supp. 364, 366 (S.D.N.Y. 1982).

*Sanders* v. *State of New York Department of Corrections and Community Supervision* (2nd Cir. February 18, 2020).

Let us now examine the legal authorities that Heendeniya cited, when he moved the District Court for repeated time extensions *per* his reasonable disability accommodation requests, which were denied several times as stated prior. The legal authorities on which Heendeniya requested reasonable disability accommodations from the Trial Court were: Title II of the ADA, Section 504 of the Rehabilitation

Act of 1973, The Fifth and Fourteenth Amendments to the U.S.

Constitution (the Equal Protection clause and/or the Due process

clause), The Petition Clause of the First Amendment, *Tennessee* v.

*Lane*, 541 U.S. 509 (2004), *California Motor Transport Co.* v. *Trucking*

*Unlimited*, 404 US 508, 510 (1972), *Alexander* v. *Choate*, 469 U.S. 287,

301 (1985), *Kennedy* v. *Dresser Rand Co.*, 193 F.3d 120, 122 (2d Cir.

1999), and *Oconomowoc Residential Programs* v. *City of Milwaukee*,

300 F.3d 775, 784 (7th Cir. 2002).

     In order to establish a prima facie case under the ADA or the Rehabilitation Act, the plaintiff "must show, as part of her burden of persuasion, that an effective accommodation exists that would render her otherwise qualified." *Borkowski* v. *Valley Cent. Sch. Dist.*, 63 F.3d 131, 139 (2d Cir. 1995). "On the issue of reasonable accommodation, the plaintiff bears only the burden of identifying an accommodation, the costs of which, facially, do not clearly exceed its benefits." Id. This burden is not a heavy one. See id. Moreover, the question of whether a proposed accommodation is reasonable is "fact-specific" and must be evaluated on "a case-by-case basis." *Wernick* v. *Federal Reserve Bank*, 91 F.3d 379, 385 (2d Cir. 1996). Nevertheless, district courts may properly grant summary judgment when a plaintiff fails to meet even this light burden. See id.; *Borkowski*, 63 F.3d at 139.

     In rejecting Kennedy's proposed accommodation, the district court—after assuming arguendo that Kennedy's disability qualified her under the ADA and Rehabilitation Act[1]—cited *Wernick*, 91 F.3d at 384, and stated flatly that "the replacement of a supervisor is not a plausible accommodation." In so doing, the court appeared to read Wernick as establishing a per se rule that the replacement of

a supervisor cannot be a reasonable accommodation. The Seventh Circuit, in an ADA case, has apparently adopted such a per se rule against the reasonableness of requests for transfer to a different supervisor. See *Weiler* v. *Household Fin. Corp.*, 101 F.3d 519, 526 (7th Cir. 1996) ("The ADA does not require HFC to transfer Weiler to work for a supervisor other that Skorupka, or to transfer Skorupka.").

As Wernick clearly states, however, in this Circuit, the question of whether a requested accommodation is a reasonable one must be evaluated on a case-by-case basis. See 91 F.3d at 385. A per se rule stating that the replacement of a supervisor can never be a reasonable accommodation is therefore inconsistent with our ADA case law. There is a presumption, however, that a request to change supervisors is unreasonable, and the burden of overcoming that presumption (i.e., of demonstrating that, within the particular context of the plaintiff's workplace, the request was reasonable) therefore lies with the plaintiff. Cf. *Borkowski*, 63 F.3d at 139 (stating, even in the absence of a formal presumption, that "the plaintiff must show, as part of her burden of persuasion, that an effective accommodation exists that would render her otherwise qualified").

*Kennedy* v. *Dresser Rand Co.*, 193 F.3d 120, 122-123 (2d Cir. September 22, 1999).

The burden is on the plaintiffs to show that the accommodation it seeks is reasonable on its face. *US Airways, Inc.* v. *Barnett*, ___ U.S. ___, ___, 122 S.Ct. 1516, 1523, 152 L.Ed.2d 589 (2002). Once the plaintiffs have made this prima facie showing, the defendant must come forward to demonstrate unreasonableness or undue hardship in the particular circumstances. Id.; see also *Vande Zande* v. *Wisconsin Dep't of Admin.*, 44 F.3d 538, 543 (7th Cir. 1995).

*Oconomowoc Residential Programs* v. *City of Milwaukee*, 300 F.3d 775, 783 (7th Cir. 2002).

The fact is, Heendeniya has a fundamental constitutional right of access to the courts, as ruled by prior Supreme Court precedent, such as the 2 authorities given below:

> We hold, therefore, that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.

*Bounds* v. *Smith*, 430 US 817, 828 (1977).

> [12] Decisions of this Court have grounded the right of access to courts in the Article IV Privileges and Immunities Clause, *Chambers* v. *Baltimore & Ohio R. Co.*, 207 U. S. 142, 148 (1907); *Blake* v. *McClung*, 172 U. S. 239, 249 (1898); *Slaughter-House Cases*, 16 Wall. 36, 79 (1873), the First Amendment Petition Clause, *Bill Johnson's Restaurants, Inc.* v. *NLRB*, 461 U. S. 731, 741 (1983); *California Motor Transport Co.* v. *Trucking Unlimited*, 404 U. S. 508, 513 (1972), the Fifth Amendment Due Process Clause, *Murray* v. *Giarratano*, 492 U. S. 1, 11, n. 6 (1989) (plurality opinion); *Walters* v. *National Assn. of Radiation Survivors*, 473 U. S. 305, 335 (1985), and the Fourteenth Amendment Equal Protection, *Pennsylvania* v. *Finley*, 481 U. S. 551, 557 (1987), and Due Process Clauses, *Wolff* v. *McDonnell*, 418 U. S. 539, 576 (1974); *Boddie* v. *Connecticut*, 401 U. S. 371, 380-381 (1971).

*Christopher* v. *Harbury*, 536 US 403, 423 (2002).

During the litigation in the District Court, Heendeniya included many letters and reports from his past and present medical doctors and

other medical providers attesting to his mental and physical medical conditions, limitations, surgeries he'd undergone, and his documented disabilities. They're contained in Heendeniya's Appendix, Volume No. 1. *See*, pp. (A78 - A80) and (A102 - A104) for documentation from his psychiatrists and his primary care physicians. *See*, pp. (A67 - A76) and (A87 - A100) for documentation from his past orthopedic surgeons, who had performed surgeries on him or who had treated him, in regard to his right-knee and his lower back injuries.

Thus, given the District Court's adverse rulings, made as a result of Heendeniya's reasonable disability accommodation requests for repeated time extensions, Heendeniya asserts with great respect that the District Court committed legal error in its rulings. Below are given 2 other Supreme Court controlling legal authorities that address reasonable disability accommodation requests pertaining to access to the courts:

> Title II, like Title I, seeks to enforce this prohibition on irrational disability discrimination. But it also seeks to enforce a variety of other basic constitutional guarantees, infringements of which are subject to more searching judicial review. See, e. g., *Dunn* v. *Blumstein*, 405 U. S. 330, 336-337 (1972); *Shapiro* v. *Thompson*, 394 U. S. 618, 634 (1969); *Skinner* v. *Oklahoma ex rel. Williamson*, 316 U. S. 535, 541 (1942). These rights include some, like the right of access to

the courts at issue in this case, that are protected by the Due Process Clause of the Fourteenth Amendment. The Due Process Clause and the Confrontation Clause of the Sixth Amendment, as applied to the States via the Fourteenth Amendment, both guarantee to a criminal defendant such as respondent Lane the "right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta* v. *California*, 422 U. S. 806, 819, n. 15 (1975). The Due Process Clause also requires the States to afford certain civil litigants a "meaningful opportunity to be heard" by removing obstacles to their full participation in judicial proceedings. *Boddie* v. *Connecticut*, 401 U. S. 371, 379 (1971); *M. L. B.* v. *S. L. J.*, 519 U. S. 102 (1996). We have held that the Sixth Amendment guarantees to criminal defendants the right to trial by a jury composed of a fair cross section of the community, noting that the exclusion of "identifiable segments playing major roles in the community cannot be squared with the constitutional concept of jury trial." *Taylor* v. *Louisiana*, 419 U. S. 522, 530 (1975). And, finally, we have recognized that members of the public have a right of access to criminal proceedings secured by the First Amendment. *Press-Enterprise Co.* v. *Superior Court of Cal., County of Riverside*, 478 U. S. 1, 8-15 (1986).

Whether Title II validly enforces these constitutional rights is a question that "must be judged with reference to the historical experience which it reflects." *South Carolina* v. *Katzenbach*, 383 U. S. 301, 308 (1966). See also *Florida Prepaid*, 527 U. S., at 639-640; *Boerne*, 521 U. S., at 530. While § 5 authorizes Congress to enact reasonably prophylactic remedial legislation, the appropriateness of the remedy depends on the gravity of the harm it seeks to prevent. "Difficult and intractable problems often require powerful remedies," *Kimel*, 528 U. S., at 88, but it is also true that "[s]trong measures appropriate to address one harm may be an unwarranted response to another, lesser one," *Boerne*, 521 U. S., at 530.

It is not difficult to perceive the harm that Title II is designed to address. Congress enacted Title II against a

backdrop of pervasive unequal treatment in the administration of state services and programs, including systematic deprivations of fundamental rights. For example, "[a]s of 1979, most States . . . categorically disqualified 'idiots' from voting, without regard to individual capacity."[5] The majority of these laws remain on the books,[6] and have been the subject of legal challenge as recently as 2001.[7] Similarly, a number of States have prohibited and continue to prohibit persons with disabilities from engaging in activities such as marrying[8] and serving as jurors.[9] The historical experience that Title II reflects is also documented in this Court's cases, which have identified unconstitutional treatment of disabled persons by state agencies in a variety of settings, including unjustified commitment, e. g., *Jackson* v. *Indiana*, 406 U. S. 715 (1972); the abuse and neglect of persons committed to state mental health hospitals, *Youngberg* v. *Romeo*, 457 U. S. 307 (1982);[10] and irrational discrimination in zoning decisions, *Cleburne* v. *Cleburne Living Center, Inc.*, 473 U. S. 432 (1985).

*Tennessee* v. *Lane*, 541 U.S. 509, 523-524 (2004).

This duty to accommodate is perfectly consistent with the well-established due process principle that, "within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard" in its courts. *Boddie*, 401 U. S., at 379 (internal quotation marks and citation omitted).[20] Our cases have recognized a number of affirmative obligations that flow from this principle: the duty to waive filing fees in certain family-law and criminal cases,[21] the duty to provide transcripts to criminal defendants seeking review of their convictions,[22] and the duty to provide counsel to certain criminal defendants.[23] Each of these cases makes clear that ordinary considerations of cost and convenience alone cannot justify a State's failure to provide individuals with a meaningful right of access to the courts. Judged against this backdrop, Title II's affirmative obligation to accommodate persons with disabilities in the administration of justice cannot be said to

be "so out of proportion to a supposed remedial or preventive object that it cannot be understood as responsive to, or designed to prevent, unconstitutional behavior." *Boerne*, 521 U. S., at 532; *Kimel*, 528 U. S., at 86.[24] It is, rather, a reasonable prophylactic measure, reasonably targeted to a legitimate end.

*Tennessee* v. *Lane*, 541 U.S. 509, 532-533 (2004).

## CONCLUSION

Therefore, due to the factual reasons, legal authorities, and arguments stated in Heendeniya's principal brief, the 5 record appendices, and his reply brief, Heendeniya respectfully moves this Honorable Court to enter a memorandum and order finding that the District Court erred in its rulings pertaining to Heendeniya's repeated time enlargement requests that had been made *per* his reasonable disability accommodation requests, and thereby remand the case back to the District Court consistent with this Court's order.

Respectfully submitted,

Umesh Heendeniya

*Pro Se*, Mentally and Physically Disabled Plaintiff-Appellant

P. O. Box 5104

Spring Hill

FL – 34611

(508)-630-6757

heendeniyavsjosephshospitalny@gmail.com

Dated: Thursday, April 30, 2020.

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED. R. APP. P. 32(g)

I, Umesh Heendeniya, hereby certify that, pertaining to the Court's Order entered on April 28, 2020 (Dkt. No. 201), the Plaintiff-Appellant's reply brief complies with the Rules of Court that pertain to the filing of reply briefs.

In addition, this brief complies with Fed. R. App. P. 32(a)(7)(A) because, this brief, exclusive of the title page, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules or regulations, and any certificates of *pro se* Plaintiff-Appellant, contains 15 pages.

Furthermore, this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2019 in 14-point Century font.

/s/ *Umesh Heendeniya*
Umesh Heendeniya
*Pro Se*, Mentally and Physically Disabled Plaintiff-Appellant
P. O. Box 5104
Spring Hill
FL – 34611
(508)-630-6757
heendeniyavsjosephshospitalny@gmail.com

Dated: Thursday, April 30, 2020.