# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty.

**PRESENT:**
>  JON O. NEWMAN,
>  GUIDO CALABRESI,
>  SUSAN L. CARNEY,
>  > *Circuit Judges.*

---

**Umesh Heendeniya,**

> *Plaintiff-Appellant*,

v.                                                                                                          18-3553 (L)
                                                                                                            19-748 (Con)

**St. Joseph's Hospital Health Center, Roger Gary Levine, MD, Lisa Marie O'Connor, MD, George O. Tremiti, MD, Horatius Roman, MD, Joanne Mary French, RN, Wendy Briscoe, RN, Susan Lynn Cate, LMFT, Rosaline Spinella, Robert Michael Constantine, MD, Mitchell Bruce Feldman, MD, Cynthia A. Rybak, NP, Kathryn Howe Ruscitto, President and CEO, Lowell A. Seifter, JD, Senior VP and General Counsel, Meredith Price, VP of Financial Services and CFO, Deborah Welch, VP, Gael Gilbert, RN, MBA, Director, John and Jane Does, St. Joseph's Hospital Health Center, Inclusive 1-5,***

---

* The Clerk of Court is directed to amend the caption to conform to the above.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Umesh Heendeniya, pro se, Spring Hill, FL. |
| **FOR DEFENDANTS-APPELLEES ST. JOSEPH'S HOSPITAL HEALTH CENTER, JOANNE MARY FRENCH, RN, WENDY BRISCOE, RN, SUSAN LYNN CATE, LMFT, ROSALINE SPINELLA, CYNTHIA A. RYBAK, NP, KATHRYN HOWE RUSCITTO, PRESIDENT AND CEO, LOWELL A. SEIFTER, JD, SENIOR VP AND GENERAL COUNSEL, MEREDITH PRICE, VP OF FINANCIAL SERVICES AND CFO, DEBORAH WELCH, VP, and GAEL GILBERT, RN, MBA, DIRECTOR:** | Jennifer L. Wang, Costello, Cooney & Fearon, PLLC, Syracuse, NY. |
| **FOR DEFENDANTS-APPELLEES LISA MARIE O'CONNOR, M.D., GEORGE O. TREMITI, M.D., HORATIUS ROMAN, M.D., ROBERT MICHAEL CONSTANTINE, M.D., and MITCHELL BRUCE FELDMAN, M.D.:** | Matthew B. Schutte, Martin, Ganotis, Brown, Mould & Currie, P.C., DeWitt, NY. |
| **FOR DEFENDANT-APPELLEE ROGER GARY LEVINE, M.D.:** | Kevin Edward Hulslander, Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY. |

Appeal from a judgment and an order of the United States District Court for the Northern District of New York (Suddaby, *C.J.*; Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and the order of the district court are **AFFIRMED**.

Plaintiff-Appellant Umesh Heendeniya, proceeding pro se, appeals the district court's judgment dismissing his complaint under Federal Rules of Civil Procedure 37 and 41(b) for failure

to comply with discovery rules and orders and for failure to prosecute.[1] He separately appeals the district court's order denying his motion to amend or for relief from the judgment under Federal Rules of Civil Procedure 59(e) and 60(b). We have consolidated the appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as necessary to explain our decision to affirm.

I. **Failure to Prosecute and Failure to Comply with Discovery Orders**

We review dismissals under Rules 37 and 41(b) for abuse of discretion. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (Rule 37); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (Rule 41(b)).[2] In conducting this review, the Court is mindful that dismissal under Rule 41(b) is "the harshest of sanctions" and is properly "used only in extreme situations." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014).

When deciding whether to dismiss a case under Rule 41(b) for failure to prosecute, courts must consider "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* at 216. "No single factor is generally dispositive." *Id.* Similarly, when deciding if dismissal is an appropriate sanction for failure to comply with discovery orders under Rule 37, a court must

---

[1] In addition to the judgment, the notice of appeal listed several orders, all of which are deemed incorporated into the judgment.

[2] Unless otherwise noted, in quoting caselaw, this Summary Order omits all alterations, citations, footnotes, emphases, and internal quotation marks.

consider whether the party was warned, the duration of noncompliance, the efficacy of lesser sanctions, and "the willfulness of the non-compliant party or the reason for noncompliance." *Agiwal*, 555 F.3d at 302. The district court properly considered these factors and reasonably concluded that each favored dismissal in this case.

As to the three factors common to Rules 37 and 41(b), Heendeniya received notice of the consequences of failure to respond to the defendants' discovery demands during the January 30, 2018 conference and in the text order entered thereafter, and he acknowledged his understanding of this notice during the conference. Heendeniya does not claim on appeal that he did not receive or understand this notice. The district court reasonably concluded that the duration of Heendeniya's noncompliance was significant: by the time the court issued its decision, eleven months had passed since Heendeniya's response to discovery demands was first due. In the context of Rule 41(b), we have found that shorter delays could support dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (finding a seven-month period of inaction was "significant" for Rule 41(b) purposes); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming Rule 41(b) dismissal where plaintiffs took no steps to move case toward trial during six-month period).[3] Moreover, the district court considered the possibility of lesser sanctions and reasonably concluded that dismissal was the only sanction that would address Heendeniya's pattern of dilatory behavior.

---

[3] Heendeniya's pattern of conduct during the course of the litigation (including eleven requests for extension of time) provides alternative grounds for the district court's decision. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (failure to prosecute under Rule 41(b) "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics" such as "repeated requests for continuances or persistent late filings of court ordered papers").

4

As to the factors specific to Rule 37, the district court reasonably concluded that Heendeniya acted willfully because he had clear notice of the deadline to respond to discovery demands, demonstrated his understanding of this deadline and ability to comply with it by submitting his own demands to some of the defendants, and did not offer any explanation for his noncompliance or show that circumstances outside his control were to blame. On appeal, Heendeniya argues the district court should have considered that his mental disability made it more difficult for him to meet the court's deadlines. But he does not claim that he did not understand the court's orders, and he received numerous extensions from the court, including additional time to respond to discovery demands and to oppose the defendants' Rule 37 and 41(b) motions.

As to the factors specific to Rule 41(b), the district court reasonably concluded that further delay would be prejudicial to the defendants: at the time of its decision, this action had been pending for three years, and it concerned events more than five years in the past, of which evidence was increasingly unlikely to be available. *Cf. Ruzsa*, 520 F.3d at 177. It also reasonably found that prejudice to defendants could be presumed because the delay was not reasonable. *See Lyell Theatre Corp.*, 682 F.2d at 43. The court also reasonably found that Heendeniya's pattern of behavior and apparent willfulness suggested that the court's interest in managing its docket outweighed Heendeniya's interest in being heard in this case. Heendeniya does not challenge these findings on appeal.

## II. Post-Judgment Motion

We review a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment under Rule 60(b) for abuse of discretion. *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013) (Rule 59); *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009)

(Rule 60).

Under Rule 59(e), a party may move to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "[R]econsideration [of a judgment] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Even assuming that his motion was timely, Heendeniya did not satisfy this standard. Heendeniya argued that the district court did not adequately consider his mental disability when granting defendants' motions to dismiss. However, while the record contained evidence that Heendeniya suffers from post-traumatic stress disorder and bipolar disorder, which affect his ability to focus, it did not contain evidence showing the extent to which these conditions limited his ability to meet the court's deadlines, nor evidence showing that these conditions limited his functioning during the period when he failed to meet the deadlines.

Rule 60(b) provides a mechanism to obtain relief from a final judgment on grounds including "mistake . . . or excusable neglect," "newly discovered evidence," "misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Such relief is available only if the movant demonstrates "exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Heendeniya did not show entitlement to Rule 60(b) relief. Liberally construed, his brief argues that his mental disability and stresses associated with harassment and surveillance he is suffering at the hands of law enforcement agencies establish both excusable neglect and the necessary extraordinary circumstances warranting relief. But the district court concluded that Heendeniya's noncompliance with court orders was not excusable, and Heendeniya did not support

6

his post-judgment motion with evidence that would lead the court to reevaluate that conclusion. *See Padilla*, 721 F.3d at 83 (identifying the factors relevant to "excusable neglect" claims as "(1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith"). Heendeniya presented new evidence in support of his post-judgment motion, but it largely had no bearing on his ability to timely respond to the defendants' discovery demands and thus no bearing on whether his failure to do so was excusable. Although he asserted that his mental condition deteriorated as a result of law enforcement actions during the relevant period, he did not explain why he was able to draft lengthy interrogatories—but not responses—under those circumstances. Nor did Heendeniya explain why he could not have presented any of this assertedly new evidence to the district court before entry of the judgment. Thus, his contention that the district court erred by denying Rule 60(b) relief fails to persuade.

Finally, Heendeniya argues on appeal that some of the defendants engaged in misconduct by responding vaguely to his interrogatories, but he did not raise this issue before the district court, and we decline to consider it for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

We have considered all of Heendeniya's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

